UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

TIPHANIE TORRES,

                            Plaintiff,               **ORDER**

v.

                                                   7:20-cv-3034 (PMH)

ROGER MERRIMAN,

                           Defendant.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On or about March 9, 2020, Plaintiff Tiphanie Torres ("Plaintiff") commenced an action in the Supreme Court State of New York, County of Bronx against Defendant Roger Merriman ("Defendant"). (Doc. 1, "Not. of Removal" ¶ 2). On April 3, 2020, Defendant served an answer to Plaintiff's complaint. *Id*. On April 15, 2020, Defendant removed this action from state court pursuant to "28 USC Section 1322." *Id.* ¶ 6. In its Notice of Removal, Defendant asserts that the action is removable "on the grounds that the Court has diversity jurisdiction in actions where the parties are residents of different states." *Id*. According to Defendant, removal is proper as Plaintiff is a resident and citizen of New York and Defendant is a resident and citizen of New Jersey. *Id.* ¶¶ 4-5. Furthermore, Defendant avers that "[t]he amount in controversy exceeds $75,000.00." *Id.* ¶ 7. The Plaintiff's verified complaint does not identify an amount in controversy. *Id.*, Ex. 1, "Compl."

      Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court finds that it does not have subject-matter

jurisdiction over this action pursuant to 28 U.S.C. § 1332 and remands the case to the state court from which it was removed.

Pursuant to 28 U.S.C. § 1441, "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant['s] notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273–74).

Plaintiff's complaint alleges that she was injured in a motor vehicle accident. Compl. ¶¶ 7-11. In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." New York's Civil Practice Law and Rules ("C.P.L.R.") § 3017(c). Thus, Plaintiff's complaint does not state a specific sum of money she seeks to recover

from Defendant and asserts only "[t]hat the amount of said damages sustained by the plaintiff as a result of the aforesaid exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action." Compl. ¶ 15. If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant's Notice of Removal states that "[t]he amount in controversy exceeds $75,000.00." Not. of Removal ¶ 7. However, in Defendant's answer to Plaintiff's complaint, Defendant denies plaintiff's allegation that "the amount of said damages sustained by the plaintiff…exceeds the jurisdictional limits of all lower courts," *Id.*, Compl. ¶ 15, Ex. 2 "Answer" ¶ 2, and asserts that "[t]he accident described in the Complaint did not result in a 'serious injury' to Plaintiff." Answer ¶ 9. Defendant provides the Court no factual support for its assertion that the amount in controversy exceeds $75,000.

Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). Therefore, a mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Villafana*, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013); *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020).

Because the Court concludes that Defendant has failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000, the Court holds that removal from state court was improper. Accordingly, the action is remanded to the state court from which it was removed.

The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Bronx and to close this action. All pending matters are hereby terminated.

**SO ORDERED.**

Dated: New York, New York
        April 17, 2020

_____
Philip M. Halpern
United States District Judge